UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

                  **MEMORANDUM OPINION AND ORDER**
v.                  Criminal No. 14-75 ADM/JSM
                     Civil No. 17-416 ADM

Romeo Reccarro,
f/k/a Terry Lee Roundtree,

          Defendant.

___

Katharine T. Buzicky, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Romeo Reccarro, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Romeo Reccarro, f/k/a/ Terry Lee Roundtree's ("Reccarro") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 119][1] (the "Motion"). For the reasons set forth below, Reccarro's Motion is denied.

## II. BACKGROUND

Reccarro was charged by indictment with distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. § 2252. An Assistant Federal Defender was appointed to represent him. Reccarro initially entered a plea of not guilty, and a jury trial was scheduled. On the morning of trial, Reccarro absconded and the jury panel was dismissed. Min. Entry [Docket No. 47]. The Court issued a bench warrant for Reccarro's arrest. Docket Entry [Docket No. 48].

___

[1] All docket citations are to the Criminal Docket.

After Reccarro was arrested on October 24, 2014, he entered a plea of guilty to the pornography charge at a hearing on November 12, 2014. Min. Entry [Docket No. 55]; Plea Agreement [Docket No. 56]. During the plea colloquy, the Court asked Reccarro a series of questions while he was under oath, including whether he was satisfied with his attorney and whether his plea was voluntary.

> COURT: Have you had enough time to talk to your lawyer . . . ?
>
> RECCARRO: Yes.
>
> COURT: And are you satisfied with his representation of you?
>
> RECCARRO: Yeah.

Plea Hr'g Tr. [Docket No. 88] 8:13–8:17.

> COURT: Is anybody threatening you or forcing you to plead guilty?
>
> RECCARRO: No.
>
> COURT: Is this something you've had enough time to think about and it's a conscious decision on your part?
>
> RECCARRO: Absolutely.
>
> COURT: There might not be a lot of good options, but under the circumstances, do you think this is the best option for you of ways to deal with this charge?
>
> RECCARRO: Yes.
>
> COURT: Is there a question you'd like to ask me about what your rights are?
>
> RECCARRO: No.

> COURT: You feel clear about that?
>
> RECCARRO: Yes.

Id. at 11:22–12:11.

The Court then reviewed the Plea Agreement with Reccarro and asked him if he understood it:

> COURT: Is there anything you'd like to ask me to clarify or go back over with you in regard to your plea agreement?
>
> RECCARRO: No.
>
> COURT: You think you have a hundred percent understanding of it?
>
> RECCARRO: Yes, I do. Thank you.

Id. at 21:24–22:4.

The Court also asked if there were any "side deals" or "secrets" about the Plea Agreement, and Reccarro responded that there were not. Id. at 21:18–21:23. Before accepting the plea, the Court asked Reccarro whether he wished the plea to be accepted:

> COURT: Do you want me to accept your plea, Mr. Reccarro, knowing it's final and you cannot change your mind anymore about pleading guilty?
>
> RECCARRO: Yes.

Id. at 26:19–26:22. The Court then accepted Reccarro's guilty plea and referred the matter to the Probation Office for a Pre-Sentence Investigation. Id. at 26:23.

In the months following his plea hearing, Reccarro sent several pro se letters, motions, and memoranda to the Court alleging that his rights had been violated and demanding that his attorney be removed from the case. See, e.g., Docket Nos. 68, 70, 73, 75, 76.

At Reccarro's sentencing hearing on January 28, 2016, the Court addressed Reccarro's allegations about his attorney. Sentencing Hr'g Tr. [Docket No. 111] 3:14–9:10. Reccarro told the Court he desired new counsel because his attorney was ineffective and had not fully informed him of the details of the Plea Agreement. Id. at 4:12–5:10. The Court explained to Reccarro the serious ramifications of discharging his counsel and allowed Reccarro an opportunity to consider carefully his request for new counsel and to be certain that was what he wanted. Id. at 8:21–10:7. After an approximately 45-minute recess, Reccarro informed the Court that he no longer desired a change of counsel. Id. at 10:7–11:1.

The Court then sentenced Reccarro to 216 months' imprisonment, a downward variance from the Guidelines range of 240 months. Id. at 23:19–23:21. Reccarro's sentence also required him to pay an assessment fee of $100 and restitution in an amount to be determined. Sent. J. [Docket No. 99] at 6. The Court noted that the Plea Agreement included a waiver of appeal for any sentence less than 240 months. Id. at 28:5–28:9. Reccarro's sentence was later amended to specify restitution of $1,500. Am. Sentencing J. [Docket No. 115 at 6].

Notwithstanding the waiver provision of his Plea Agreement, Reccarro appealed his conviction and sentence to the Eighth Circuit Court of Appeals. Notice Appeal [Docket No. 101]. His counsel moved for leave to withdraw from the case and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Reccarro's sentence was unreasonable. Reccarro filed a pro se brief claiming that he received ineffective assistance of counsel and asserting that his guilty plea was coerced. On November 15, 2016, the Eighth Circuit issued an opinion upholding Reccarro's sentence as reasonable. USCA Op. [Docket No. 116] at 2–3. The Eighth Circuit declined to consider Reccarro's ineffective assistance claim or the voluntariness of his

plea, holding that the ineffective assistance claim is best litigated in a § 2255 proceeding. Id. at 2. However, the Eighth Circuit held that "[t]o the extent [Reccarro] raised concerns regarding his plea in district court, such concerns were raised only in the context of his request for new counsel and were subsequently withdrawn when he decided to proceed with sentencing." Id.

Reccarro filed this § 2255 Motion on February 7, 2017. He claims he received ineffective assistance of counsel because his attorney had an unspecified conflict and forced Reccarro to plead guilty. He also alleges judicial misconduct, a conflict of interest by the undersigned judge, and other miscellaneous issues.

### III. DISCUSSION

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence under 28 U.S.C. § 2255. See United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice." Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

**A. Ineffective Assistance of Counsel Claim**

Reccarro's ineffective assistance of counsel claim is based on his allegation that his attorney "was using prosecutor styled offensive behaviors against me." Motion at 4. Reccarro provides no factual details for this conclusory allegation, and the allegation is contradicted by the record. At the plea hearing, Reccarro stated under oath that he was satisfied with his attorney's

5

representation and that he wished to plead guilty. He also confirmed that no one forced him to plead guilty, and that no unspoken side deals or promises existed.

A § 2255 motion may be dismissed without an evidentiary hearing if the movant's allegations "are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact." Winters v. United States, 716 F.3d 1098, 1103 (8th Cir. 2013). Because Reccarro's claim of ineffective assistance of counsel claim is based on conclusory allegations that are contradicted by the record, the claim is denied without an evidentiary hearing.

**B. Judicial Misconduct or Conflict Claim**

Reccarro also alleges judicial misconduct based on allegations that the undersigned judge (1) refused to dismiss Reccarro's attorney, and (2) was intoxicated in the courtroom. As to the first allegation, Reccarro was given a reasonable opportunity at the sentencing hearing to decide whether he wanted to proceed with his request for new counsel. After a 45-minute recess to consider how to proceed, Reccarro chose to withdraw this request and not to change attorneys. The second allegation is entirely baseless and warrants no further comment.

Reccarro also alleges that the undersigned district judge has a conflict of interest because she presided over a previous federal case in which he was a defendant. This claim too is entirely false and with no factual basis. Judge Paul Magnuson, not Judge Montgomery, presided over Reccarro's prior case. See United States v. Roundtree, No. 97-2672 PAM/JGL (D. Minn.) (Magnuson, J.). Even if the claim were factually accurate, it is not congizable under § 2255 because it was not raised in the district court proceedings or on appeal. Walking Eagle, 742 F.3d at 1081-82 ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights

and for a narrow range of injuries that could not have been raised on direct appeal . . . ."). Additionally, Reccarro fails to explain how a judge's presiding over two separate matters concerning the same individual amounts to a conflict of interest.

## C. Miscellaneous Claims

Reccarro makes several other allegations that are not cognizable in a claim for relief under a § 2255 motion. He alleges being charged $1,600 without a hearing on this issue. Reccarro appears to be referring to his $1,500 restitution amount and the $100 mandatory special assessment. Section 2255 is not the proper vehicle for challenging the restitution portion of a sentence, because § 2255 is limited to claims involving the right to be released from custody. Shephard v. United States, 735 F.3d 797, 798 (8th Cir. 2013) (per curiam); United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003).

Reccarro also attempts to use this Motion to appeal (1) the denial of his request for $25,000 based on alleged medical malpractice by Bureau of Prisons medical personnel, and (2) the denial of a compassionate release request and request to be transferred to FMC-Rochester due to medical conditions. A § 2255 motion is not the appropriate avenue for either of these claims because neither challenge the constitutionality or legality of Reccarro's sentence. See 28 U.S.C. § 2255(a) (limiting relief to a "prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that such sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack").

7

## IV. CERTIFICATE OF APPEALABILITY

The Court will not issue a certificate of appealability. A court may grant a certificate of appealability only where the defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this Motion differently, or that any of the issues raised in the Motion would be debatable among reasonable jurists.

Also, for the reasons stated above, an evidentiary hearing in this matter is not warranted, as the record and the parties' arguments definitively show Reccarro is not entitled to relief under § 2255. Engelen v. United States, 68 F.3d 228, 240 (8th Cir. 1995).

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Romeo Reccarro's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 119] is **DENIED**. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: May 11, 2017

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE